IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:25-cr-00209 |
| v. ) | Hon. Anthony J. Trenga |
| ) | |
| PETER ANDREW STINSON, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S UNOPPOSED MOTION TO
MODIFY CONDITIONS OF RELEASE**

Peter Andrew Stinson, by undersigned counsel, hereby respectfully requests that the Court grant a modification of the conditions of pretrial release originally ordered by this Court at the detention hearing on June 18, 2025 (Dkt. No. 16). Specifically, Mr. Stinson requests that the Court modify his home detention requirement to impose a curfew requirement, where Mr. Stinson would be restricted to his residence from 7PM to 7 AM.

This past Tuesday, September 16, 2025, his 87 year-old father was diagnosed with invasive adenocarcinoma. Counsel has provided documentation of this diagnosis to both counsel for the government and U.S. Probation. In addition to his father's already extensive underlying health conditions, including difficulty in hearing, his father is experiencing trouble eating or swallowing given his cancer. Mr. Stinson's mother, who is also in her 80's, has dementia and is not able to assist his father in any type of caretaking. His parents are not able to afford any higher level of care at their retirement community. There is no one else who can provide caretaking to Mr. Stinson's father, and he therefore needs to be able to do so for his family.

Undersigned counsel has conferred with counsel for the government regarding this requested relief, and they do not oppose this motion. Accordingly, Mr. Stinson states the following in support:

1. On June 18, 2025, the Court entered an Order Setting Conditions of Release (Dkt. No. 16), which requires that Mr. Stinson be subject to home detention with certain exceptions. Since that time, there have been three modifications to his home detention modification. First, on July 1, 2025, Mr. Stinson requested that he be permitted to assist his elderly parents with their medial needs and to attend religious services led by his father at their retirement community (Dkt. No. 22), which the government opposed; the Court granted his request to transport his mother to/from medical appointments but denied the remainder of the request (Dkt. No. 31). Second, on July 14, 2025, Mr. Stinson requested that he be permitted to take both of his parents to a dental appointment (Dkt. No. 37), which the government did not oppose; the Court granted this relief (Dkt. No. 38). And third, at the arraignment for the superseding indictment, Mr. Stinson asked that he be permitted to transport his father to medical appointments given his recent hospitalization and to temporarily remove his location monitor to undergo an MRI scan, which the government did not oppose and the Court granted (Dkt. No. 51).

2. On September 11, 2025, Mr. Stinson transported his father to Fair Oaks Hospital for an esophagogastroduodenoscopy ("EGD") procedure, which found a large tumor with stigmata of recent bleeding and was partially obstructing his esophagus.

Biopsies were taken of the tumor, which were diagnosed this past Tuesday, September 16, 2025 with invasive adenocarcinoma.

 3. Given his father's recent diagnosis and expected cancer treatment, Mr. Stinson requests that his location restriction be modified from home detention to a curfew from 7PM to 7 AM. This will enable him to provide the necessary caretaking to his parents at their residence, transport them to medical appointments, and otherwise assist his family with their daily needs. This is especially true once his father starts his cancer treatment. There is no other support – professional or family – who can provide this type of caretaking to his father, or his mother.

 4. Consistent with the Order Setting Conditions of Release (Dkt. No. 16) and Declarations by counsel (Dkt. Nos. 17-18), Mr. Stinson's son located and removed two BB guns from his residence and provided them to Mr. Stinson's father at his retirement community. Mr. Stinson's father is in the process of removing both BB guns from his residence, and will do so by this Sunday. Once Mr. Stinson receives confirmation that his father has done so, he will provide an update to his U.S. Pretrial Services Officer that no BB guns are at his father's residence.

 5. Undersigned counsel has conferred with counsel for the government regarding the above information and requested relief, and they do not oppose this motion.

 Accordingly, Mr. Stinson requests that the Court grant this motion and modify his home detention requirement to impose a curfew requirement, where Mr. Stinson

would be restricted to his residence from 7PM to 7 AM. Undersigned counsel has attached a Proposed Order for the Court's consideration.

Date: September 18, 2025	Respectfully submitted,

**PETER ANDREW STINSON**

By Counsel,

_____/s/_____
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Brittany Davidson
Va. Bar No. 90660
Assistant Federal Public Defender
Office of the Federal Public Defender
1650 King Street, Suite 500
Alexandria, Virginia 22314
Telephone: (703) 600-0800
Facsimile: (703) 600-0880
Geremy_Kamens@fd.org