# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 1:25-cr-00209 |
| v. ) | Hon. Anthony J. Trenga |
| ) | Motion Hearing: Oct. 17, 2025 |
| **PETER ANDREW STINSON,** ) | |
| ) | |
| **Defendant.** ) | |

## MOTION *IN LIMINE* TO PRECLUDE USE OF TERM AND TESTIMONY REGARDING "ANTIFA"

Peter Andrew Stinson, by undersigned counsel, and pursuant to Federal Rule of Evidence 403, respectfully moves this Court to preclude references or testimony to Mr. Stinson as a member of "ANTIFA" – which refers to a loosely connected political protest movement in the United States opposed to fascism and other forms of extreme right-wing ideology – because the admission of such testimony would have no probative value and would risk the jury finding guilt merely by association. This is especially true in light of an Executive Order issued on September 22, 2025, that designated ANTIFA as a domestic terrorist organization.

This criminal prosecution is not about Mr. Stinson's anti-fascist political beliefs but instead whether on February 18, 2025, he seriously solicited someone else to assassinate President Trump. Accordingly, the Court should preclude the government from referring to Mr. Stinson as a member of ANTIFA or soliciting testimony about the same at trial.

1

I. **Background**

In the affidavit in support of the criminal complaint, the government alleged that Mr. Stinson was a "Self-Proclaimed Member of ANTIFA" and referred to several posts where he said as much as probable cause that he made true threats against the President. *See, e.g.*, Dkt. No. 2 at ¶ 6.[1] Although the government acknowledged that ANTIFA is an ideological concept, not a single or unified organization, it stated that "likeminded" individuals may either collectively act together or form groups that are known to "engage in coordinated tactics (black-bloc) to impede law enforcement and to use violence to further their cause." *Id.* at ¶ 7. In various other filings – such as in the search warrant applications for Mr. Stinson's person, phone, and residence – the government has repeatedly made similar representations.

To be clear, no evidence exists that Mr. Stinson was an actual member of an organized ANTIFA chapter, local or national. The only organization that that Mr. Stinson helped form was the Mayday Movement – which was not affiliated with any

---

[1] Specifically, the government stated the following regarding his ANTIFA membership:

"STINSON has self-identified as a member of ANTIFA, including in his profile descriptions for his Bluesky account @cgblue ('BLUESKY ACCOUNT 1') and X account @bluecheckpeter ('X ACCOUNT 1'), and in multiple postings on these accounts. On BLUESKY ACCOUNT 1, his profile reads 'Virginia Antifa.' On X ACCOUNT 1, his profile reads '#antifa.' Additionally, on February 1, 2025, STINSON posted on BLUESKY ACCOUNT 1, 'Everyone has a story. Everyone is dealing with some shit. I don't give a shit about fascists. To everyone else, stick together. We are antifa. Together we can kill the fascism.' On February 2, 2025, STINSON posted on the same account: 'Sure. This is war. Sides will be drawn. Antifa always wins in the end. Violence is inherently necessary.'"

*See* Dkt. No. 2 at ¶ 6.

political ideology and instead was dedicated to demanding the impeachment and removal of President Trump through continuous and peaceful protesting.

**II.    Argument**

The Court should preclude the government from referring to Mr. Stinson as a member of ANTIFA and soliciting testimony from its witnesses that characterize him as such pursuant to both Federal Rule of Evidence 403 and the First Amendment. Permitting the government to do so would be unfairly prejudicial, especially in light of the September 22, 2025 Executive Order, which designated anyone who is a member of ANTIFA as a terrorist:

> Antifa is a militarist, anarchist enterprise that explicitly calls for the overthrow of the United States Government, law enforcement authorities, and our system of law. It uses illegal means to organize and execute a campaign of violence and terrorism nationwide to accomplish these goals. This campaign involves coordinated efforts to obstruct enforcement of Federal laws through armed standoffs with law enforcement, organized riots, violent assaults on Immigration and Customs Enforcement and other law enforcement officers, and routine doxing of and other threats against political figures and activists. Antifa recruits, trains, and radicalizes young Americans to engage in this violence and suppression of political activity, then employs elaborate means and mechanisms to shield the identities of its operatives, conceal its funding sources and operations in an effort to frustrate law enforcement, and recruit additional members. Individuals associated with and acting on behalf of Antifa further coordinate with other organizations and entities for the purpose of spreading, fomenting, and advancing political violence and suppressing lawful political speech. This organized effort designed to achieve policy objectives by coercion and intimidation is domestic terrorism.[2]

---

[2] *See* The White House, *Designating ANTIFA as a Domestic Terrorist Organization*, available at https://www.whitehouse.gov/presidential-actions/2025/09/designating-antifa-as-a-domestic-terrorist-organization/ (published on Sept. 22, 2025).

On the same day that this executive order was issued, the White House released an article stating that "Antifa has a long history of terrorizing our communities" and that "Antifa's terror is part of the trend of Radical Left violence," and then cited the recent assassination of Charlie Kirk by a "Radical Left terrorist," among other proposed examples.[3] Permitting the government to describe Mr. Stinson as a member of ANTIFA would thus be highly prejudicial.[4]

While the "First Amendment ... does not prohibit the evidentiary use of speech to establish the elements of a crime or to prove motive or intent[,]" *Wisconsin v. Mitchell*, 508 U.S. 476, 489 (1993), it does bar the admission of evidence relating to a defendant's "abstract beliefs ... when those beliefs have no bearing on the issue being tried." *Dawson v. Delaware*, 503 U.S. 159, 165 (1992). "The crucial question is whether the evidence at issue [is] used for permissible purposes or merely to show that [the defendant] was morally reprehensible due to his abstract beliefs." *United States v. Fell*, 531 F.3d 197, 229 (2d Cir. 2008) (citation omitted).

The Fourth Circuit has likewise recognized that unfair prejudice damages a defendant by appealing to jurors' emotions. *See United States v. Mohr*, 318 F.3d 613, 619-20 (4th Cir. 2003). In a similar context, other courts have excluded evidence of gang affiliation that appears merely designed to establish guilt by association. *See United States v. McKay*, 431 F.3d 1085, 1093 (8th Cir. 2005) (holding evidence of gang

---

[3] *See* The White House, *President Trump Isn't Backing Down from Crushing Radical Left Violence*, available at https://www.whitehouse.gov/articles/2025/09/president-trump-isnt-backing-down-from-crushing-radical-left-violence/ (published on Sept. 22, 2025).
[4] *See supra* Note 3.

affiliation or membership "is not admissible where it is meant merely to prejudice the defendant or prove his guilt by association with unsavory characters"); *United States v. Irvin*, 87 F.3d 860, 866 (7th Cir. 1996) (holding district court abused discretion by not excluding evidence under Rule 403 of gang affiliation that merely "increas[ed] the chance of guilt purely by association"); *United States v. Elkins*, 70 F.3d 81, 84 (10th Cir. 1995) (holding that evidence of gang membership was not admissible in firearms prosecution to impeach defense witness' testimony on grounds of bias).

Indeed, courts in this district have granted analogous motions *in limine* on similar grounds. *See, e.g., Joyner v. O'Neil*, 2012 WL 2576355, at *4 (E.D. Va. July 3, 2012) (Lauck, J.) (excluding evidence of plaintiff's gang affiliation in prisoner 1983 civil suit). In *United State v. Rui Jiang*, 1:24-cr-65 (RDA), the defendant was charged with three counts involving an attempted mass shooting at a local church. At his residence, law enforcement found a document titled "The Final Letter" and the government repeatedly referred to the document as a "manifesto." The defense filed a motion *in limine* to preclude the government from referring to the document as a "manifesto" because it created the implication that, similar to other individuals who committed or attempted to commit mass shootings, this document demonstrated the defendant's intent to harm people to propagate his views. *See e.g.,* Dkt. No. 42. The court granted the defense's motion because it found that the term "manifesto" had "become a provocative term in the context of mass shootings, carrying strong connotations" that "effectively makes a factual determination for the jury regarding

5

the Defendant's intent, instead of allowing the jury to deduce the determination from the letter's contents." *See* Dkt. No. 96.

Here, permitting the government and/or its witnesses to refer to Mr. Stinson as a member or associate of ANTIFA may imply that he shared the goals of the movement as characterized in the Trump Administration's Executive Order. The jury will be required to make that ultimate factual determination about Mr. Stinson's intent and the government should be precluded from referring to a politically charged term that could lead the jury to make a conclusion based on Mr. Stinson's protected political beliefs, and not the charged conduct.

### III. Conclusion

Accordingly, the defense respectfully submits that this Court should preclude references or testimony to Mr. Stinson as a member of or affiliated with ANTIFA because such testimony would be far more prejudicial than probative and thus in violation of Federal Rule of Evidence 403 and the First Amendment.

Date: September 29, 2025                    Respectfully submitted,

**PETER ANDREW STINSON**

By Counsel,

_____/s/_____
Geremy C. Kamens
Va. Bar No. 41596
Federal Public Defender
Brittany Davidson
Va. Bar No. 90660
Assistant Federal Public Defender

6

                                                Office of the Federal Public Defender
                                                1650 King Street, Suite 500
                                                Alexandria, Virginia 22314
                                                Telephone: (703) 600-0800
                                                Facsimile: (703) 600-0880
                                                Geremy_Kamens@fd.org
                                                Brittany_Davidson@fd.org