# Exhibit 1

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO.   4

<u>Speech That References Politics Does Not Insulate Crime from Prosecution</u>

The crimes charged in this case, like most others, may have a component of speech in the course of their commission. Indeed, it is the rare offense, particularly the rare solicitation offense, that is committed entirely without any speech.   However, the fact that speech  - - even speech that includes reference to politics - -   may play a part in the commission of a crime, does not insulate such crime from prosecution.[1]" Speech is not protected by the First Amendment when it is the very vehicle of the crime itself."[2]   In a criminal solicitation, speech may be that very vehicle of the crime itself.   Accordingly, even criminal solicitations committed purely through speech simply are not protected by the First Amendment.

"Although it is true that the First Amendment protects advocating for the use of force . . . the First Amendment does not prohibit the evidentiary use of speech to establish the elements of a crime, or to prove motive or intent."[3]   For that reason, speech integral to criminal conduct, such as offers to engage in illegal transactions, threats, or solicitations, are categorically excluded from First Amendment protection.[4]

---

[1] *Rice v. Paladin Enterprises,* 128 F.3d 233, 245 (4th Cir. 1997)
[2] *Id. at 244.*
[3] *United States v. Young*, 260 F.Supp.3d 530, 545 (E.D. Va. 2017) (Brinkema, J.), *aff'd* 916 F.3d 368 (2019).
[4]  *United States v. Williams*, 553 U.S. 285, 297 (2008), 128 S.Ct. 1830, 1841-42 (2008); *United States v. White,* 698 F.3d 1005, 1016 (7th Cir. 2012); *United States v. White,* 610 F.3d 956, 960 (7th Cir. 2010):

The gist of the crime of soliciting others to assassinate the President of the United States can be committed purely through speech.[5] Thus, it is both possible and permissible to charge in this case that criminal statutes were violated mostly or even entirely by means of speech.[6]

While the state may not criminalize the expression of views – even including the view that violent overthrow of the government is desirable – it may nonetheless outlaw inducement to take violent action.[7]

The "doctrinal justification"[8] of violent conduct is protected by the First Amendment if it is "theoretical advocacy,"[9] or "the advocacy of principles divorced from action."[10] The same is true "for the mere abstract teaching [of] the moral propriety or even the moral necessity for a resort to force and violence."[11]

The First Amendment does *not* protect "the teaching of the techniques of violence,"[12] "the advocacy and teaching of concrete action,"[13] "the prepar[ation] . . . for violent action,"[14] the "steeling" of others to take such violent action,[15] or "instruction in the methods of terror."[16]

---

[5] *United States v. Hansen*, 599 U.S. 762, 771 (2023).
[6] *United States v. Rahman*, 115 (2d Cir. 1999).
[7] *Id.* at 115.
[8] *Paladin Enterprises,* 128 F.3d at 249 (4th Cir. 1997), *quoting Yates v. United States,* 354 U.S. 298, 321 (1957).
[9] *Id., quoting Scales v. United States,* 367 U.S. 203, 235 (1961).
[10] *Id., quoting Yates v. United States,* 354 U.S. at 320.
[11] *Id., quoting Brandenburg v. United States*, 395 U.S. 444, 448 (1969).
[12] *Id., quoting Scales,* 367 U.S. at 233.
[13] *Id.*, *quoting Yates*, 354 U.S. at 320.
[14] *Id., quoting Brandenburg*, 395 U.S. at 448.
[15] *Id., quoting Brandenburg*, 395 U.S. at 448.
[16] *Id., quoting Dennis v. United States*, 341 U.S. 494, 581 (1951) (Douglas, J., dissenting).

In sum, the First Amendment protection of speech and political activity is "not absolute, and may not protect a person from criminal prosecution if that speech" or political activity "constituted criminal activity in and of itself," "*or* was intended to generate or was likely to generate imminent criminal action by others."[17] "While a solicitation . . . arguably crosses the sometimes hazy line distinguishing conduct from pure speech, such a solicitation, even though it may have an impact in the political arena, remains in essence an invitation to engage in an illegal [activity]. . . and may properly be prohibited."[18]

Authority: *United States v. Hansen*, 599 U.S. 762, 771 (2023); *United States v. Williams*, 553 U.S. 285, 297 (2008), 128 S.Ct. 1830, 1841-42 (2008); *Brown v. Hartledge,* 456 U.S. 45, 55 (1982); *Brandenburg v. United States*, 395 U.S. 444 (1969); *Scales v. United States,* 367 U.S. 203, 235 (1961); *Yates v. United States,* 354 U.S. 298, 320 (1957) *(overruled on other grounds, Burks v. United States,* 437 U.S. 1 (1978)); *Dennis v. United States*, 341 U.S. 494, 581 (1951) *United States v. White,* 698 F.3d 1005, 1016 (7th Cir. 2012); *United States v. White,* 610 F.3d 956, 960 (7th Cir. 2010); *United States v. Rahman*, 115 (2d Cir. 1999); *Rice v. Paladin Enterprises*, 128 F.3d 233, 249 (4th Cir. 1997); *United States v. Young*, 260 F.Supp.3d 530, 545 (E.D. Va. 2017) (Brinkema, J.), *aff'd* 916 F.3d 368 (2019); *United States v. Timimi*, Crim. No. 1-04-385 (E.D. Va. 2005) ( Brinkema, J.).

---

[17] *United States v. Timimi*, Crim. No. 1-04-385 (E.D. Va. 2005) ( Brinkema, J.).
[18] *Brown v. Hartledge,* 456 U.S. 45, 55 (1982).