# Exhibit 2

## **DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4**

**First Amendment Speech that Encourages Others to Commit Violence**

Notwithstanding the foregoing, I also instruct you that the First Amendment to the U.S. Constitution protects certain speech, even distasteful or highly offensive speech, from criminal liability.

Specifically, the First Amendment protects speech that merely, without more, encourages or advocates that others should engage in violence – even violence against political figures or the government – at some point in the future. If you find that Mr. Stinson merely, without more, encouraged or advocated that others should engage in violence at some indefinite time in the future, you should find him not guilty.

**AUTHORITY**: *Brandeburg v. Ohio*, 395 U.S. 444, 447 (1969); *see also Hess v. Indiana*, 414 U.S. 105, 108 (1973) (First Amendment protects "advocacy of illegal action at some indefinite future time"); *NAACP. v. Claiborne Hardware Co.*, 458 U.S. 886, 927 (1982) ("mere advocacy of the use of force or violence does not remove speech from the protection of the First Amendment"); *United States v. Miselis*, 972 F.3d 518, 536 (4th Cir. 2020) (noting that "[t]he mere tendency of speech to encourage unlawful acts is not a sufficient reason for banning it[,]" and citing First Amendment protection for speech encouraging another to obtain child pornography).