IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

UNITED STATES OF AMERICA,

v.

PETER ANDREW STINSON,

         *Defendant.*

)
)
)
)
)
)
)
)
)

Case No. 1:25-cr-00209-AJT-1

## **JURY INSTRUCTIONS**

## JURY INSTRUCTION NO. 1

**Introduction to the Final Charge – Province of the Court and of the Jury**

Members of the Jury:

Now that you have heard all of the evidence that is to be received in this trial and each of the arguments of counsel it becomes my duty to give you the final instructions of the Court as to the law that is applicable to this case. You should use these instructions to guide you in your decisions.

All of the instructions of law given to you by the Court—those given to you at the beginning of the trial, those given to you during the trial, and these final instructions—must guide and govern your deliberations.

It is your duty as jurors to follow the law as stated in all of the instructions of the Court and to apply these rules of law to the facts as you find them to be from the evidence received during the trial.

Counsel may properly refer to some of the applicable rules of law in their closing arguments to you. If, however, any difference appears to you between the law as stated by counsel and that as stated by the Court in these instructions, you, of course, are to be governed by the instructions given to you by the Court.

You are not to single out any one instruction alone as stating the law, but must consider the instructions as a whole in reaching your decisions.

Neither are you to be concerned with the wisdom of any rule of law stated by the Court. Regardless of any opinion you may have as to what the law ought to be, it would be a violation of your sworn duty to base any part of your verdict upon any other view or opinion of the law than

that given in these instructions of the Court just as it would be a violation of your sworn duty, as the judges of the facts, to base your verdict upon anything but the evidence received in the case.

You were chosen as juror for this trial in order to evaluate all of the evidence received and to decide each of the factual questions presented by the allegations brought by the government in the indictment and the plea[s] of not guilty by the defendant[s].

In resolving the issues presented to you for decision in this trial you must not be persuaded by bias, prejudice, or sympathy for or against any of the parties to this case or by any public opinion.

Justice—through trial by jury—depends upon the willingness of each individual juror to seek the truth from the same evidence presented to all the jurors here in the courtroom and to arrive at a verdict by applying the same rules of law as now being given to each of you in these instructions of the Court.

**JURY INSTRUCTION NO. 2**

**Evidence Received in the Case – Stipulations, Judicial Notice, and Inferences Permitted**

The evidence in this case consists of the sworn testimony of the witnesses—regardless of who may have called them—all exhibits received in evidence—regardless of who may have produced them—all facts which may have been agreed to or stipulated and all facts and events which may have been judicially noticed.

When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proved. You are not required to do so, however, since you are the sole judge of the facts.

The Court has taken judicial notice of certain facts or events. When the Court declares that it has taken judicial notice of some fact or event, you may accept the Court's declaration as evidence and regard as proved the fact or event which has been judicially noticed. You are not required to do so, however, since you are the sole judge of the facts.

Any proposed testimony or proposed exhibit to which an objection was sustained by the Court and any testimony or exhibit ordered stricken by the Court must be entirely disregarded by you.

Anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Questions, objections, statements, and arguments of counsel are not evidence in the case unless made as an admission or stipulation of fact.

You are to base your verdict only on the evidence received in the case. In your consideration of the evidence received, however, you are not limited to the bald statements of the witnesses or to the bald assertions in the exhibits. In other words, you are not limited solely to what you saw

and heard as the witnesses testified or as the exhibits were admitted.  You are permitted to draw from the facts which you find have been proved such reasonable inferences as you feel are justified in the light of your experience and common sense.

## JURY INSTRUCTION NO. 3

**Objections and Rulings**

Testimony and exhibits can be admitted into evidence during a trial only if it meets certain criteria or standards. It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or her client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question regarding that particular piece of testimony or exhibit.

## JURY INSTRUCTION NO. 4

**Court's Questions to Witnesses**

During the course of a trial, I may occasionally have asked questions. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter—not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

## <u>JURY INSTRUCTION NO. 5</u>

**Judging the Evidence**

There is nothing particularly different in the way that a juror should consider the evidence in a trial from that in which any reasonable and careful person would deal with any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case. Use the evidence only for those purposes for which it has been received and give the evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

If the defendant be proved guilty beyond a reasonable doubt, say so. If not proved guilty beyond a reasonable doubt, say so.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the Instruction of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always with the government.

## **JURY INSTRUCTION NO. 6**

**The Indictment Is Not Evidence**

An indictment is but a formal method used by the government to accuse a defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crimes charged. Even though this indictment has been returned against the defendant, the defendant begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charge in the indictment.

## <u>JURY INSTRUCTION NO. 7</u>

**Direct and Circumstantial Evidence**

There are two types of evidence which are generally presented during a trial – direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

## **JURY INSTRUCTION NO. 8**

**Inferences from the Evidence**

Inferences are simply deductions or conclusions which reason and common sense lead the jury to draw from the evidence received in the case.

## **JURY INSTRUCTION NO. 9**

**Jury's Recollection Controls**

If any reference by the court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the court or of counsel.

You are the sole judges of the evidence received in this case.

## JURY INSTRUCTION NO. 10

**The Question is Not Evidence**

The questions asked by a lawyer for either party to this case are not evidence. If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact. Only the answers are evidence.

## JURY INSTRUCTION NO. 11

**Credibility of Witnesses–Generally**

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness's testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

## **JURY INSTRUCTION NO. 12**

**Witness Credibility – Law Enforcement Witness**

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give that testimony whatever weight, if any, you find it deserves.

## JURY INSTRUCTION NO. 13

**Witness Credibility – Bias and Hostility**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of bias, prejudice, resentment or anger which some witnesses may have towards the defendant or the government.

Evidence that a witness is biased, prejudiced or hostile towards the defendant or the government requires you to view that witness' testimony with caution, to weigh it with care, and subject it to particularly close and searching scrutiny.

## JURY INSTRUCTION NO. 14

**Credibility of Witnesses – Inconsistent Statements**

The testimony of a witness may be discredited or, as we sometimes say, impeached by showing that he or she previously made statements which are different than or inconsistent with his or her testimony here in court. The earlier inconsistent or contradictory statements are admissible only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier statements made somewhere other than here during this trial.

If a witness subsequently makes statements out of court that are inconsistent with their initial statement, that does not mean that the initial statement cannot be introduced at trial to attack the credibility of the witness.

You may consider the witness' earlier inconsistent statement to help you decide how much of the witness's testimony to believe. If you find that the prior statement was not consistent with the witness's testimony at this trial, then you should decide whether that affects the believability of his or her testimony at this trial.

It is the province of the jury to determine the credibility of a witness who has made prior inconsistent or contradictory statements.

## JURY INSTRUCTION NO. 15

**Opinion Evidence–The Expert Witness**

The rules of evidence ordinarily do not permit witnesses to testify as to their own opinions or their own conclusions about important questions in a trial. An exception to this rule exists as to those persons who are described as "expert witnesses." An "expert witness" is someone who, by education or by experience, may have become knowledgeable in some technical, scientific, or very specialized area. If such knowledge or experience may be of assistance to you in understanding some of the evidence or in determining a fact, an "expert witness" in that area may state an opinion as to a matter in which he or she claims to be an expert.

You should consider each expert opinion received in evidence in this case and give it such weight, if any, as you may think it deserves. You should consider the testimony of expert witnesses just as you consider other evidence in this case. If you should decide that the opinion of an expert witness is not based upon sufficient education or experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you should conclude that the opinion is outweighed by other, you may disregard the opinion in part or in its entirety.

As I have told you several times, you—the jury—are the sole judges of the facts of this case.

## JURY INSTRUCTION NO. 16

**Character Evidence–Reputation of the Defendant**

Evidence of a defendant's reputation, inconsistent with those traits of character ordinarily involved in the commission of the crimes charged, may give rise to a reasonable doubt since the jury may think it improbable or unlikely that such a person would commit the crime charged.

The Defendant has offered evidence of his good general reputation for peacefulness. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

## JURY INSTRUCTION NO. 17

**Presumption of Innocence, Burden of Proof, and Reasonable Doubt**

You must presume the defendant PETER STINSON to be innocent of the crime charged. The defendant, although accused of a crime in the indictment, begins the trial with a "clean slate" - with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to cross-examine the witnesses for the government.

To establish a defendant's guilt, the government's evidence must exclude any reasonable doubt as to the defendant's innocence. A "reasonable doubt" may arise either from the evidence or from a lack of evidence. You must remember that a defendant is never to be convicted on mere suspicion or conjecture. Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of an offense charged in the indictment, you must find the defendant not guilty of the offense.

## JURY INSTRUCTION NO. 18

**Consider Only the Offense Charged**

The Defendant is not on trial for any act or any conduct not specifically charged in the indictment.

## JURY INSTRUCTION NO. 19

**Count 1 – The Nature of the Offense Charged**

Count 1 of the indictment charges that on or about February 18, 2025, within the Eastern District of Virginia, and elsewhere, in violation of Title 18, United States Code, Section 373, the defendant, PETER ANDREW STINSON, with the intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against the person of the President of the United States Donald J. Trump, in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, did solicit, command, induce and endeavor to persuade such other person to engage in such conduct; in that the defendant solicited and otherwise endeavored to persuade another person to murder or attempt to murder the President of the United States, Donald J. Trump, who is an officer and employee of the United States, while the President was engaged in or on account of the performance of his official duties, in violation of Title 18, United States Code, Section 1114, by causing a posting on the social media platform Bluesky that read: "Take the shot. We'll deal with the fallout."

## JURY INSTRUCTION NO. 20

**Count 1 – The Statute Defining the Offense Charged**

The Indictment charges the Defendant with unlawfully and knowingly soliciting on February 18, 2025 another person to murder or attempt to murder the President of the United States, in violation of Title 18, United States Code, Sections 373 and 1114.

In pertinent part, Section 373 provides:

> Whoever, with intent that another person engage in conduct constituting a felony that has as an element the use, attempted use, or threatened use of physical force against property or against the person of another in violation of the laws of the United States, and under circumstances strongly corroborative of that intent, solicits, commands, induces, or otherwise endeavors to persuade such other person to engage in such conduct, shall be . . . [punished]

In pertinent part, Section 1114 provides:

> Whoever kills or attempts to kill any officer or employee of the United States . . . while such officer or employee is engaged in or on account of the performance of official duties . . . shall be punished . . . .

Killing or attempting to kill an officer of the United States while such officer is engaged in or on account of the performance of official duties constitutes conduct constituting a felony under Section 1114 that has as an element the use, attempted use, or threatened use of physical force against the person of another in violation of the laws of the United States.

## JURY INSTRUCTION NO. 21

**Elements of the Offense Charged**

In order to be found guilty under Section 373 of soliciting, commanding, inducing or otherwise endeavoring to persuade another person to murder or attempt to murder the President of the United States, the government must prove beyond a reasonable doubt:

One:      the Defendant had the intent that another person murder or attempt to murder the President of the United States;

Two:      With that intent, the Defendant solicited, commanded, induced or otherwise endeavored to persuade another person to murder or attempt to murder the President of the United States; and

Three:      The defendant did so under circumstances strongly corroborative of that intent.

## <u>GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 22</u>

**Proof of Intent**

The intent of a person that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind. In determining the issue of what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's intent.

## JURY INSTRUCTION NO. 23

**Strongly Corroborative Circumstances – Defined**

In determining whether the government has established beyond a reasonable doubt the existence of strongly corroborative circumstances that Mr. Stinson intended to solicit, command, induce or otherwise persuade another to assassinate President Trump on February 18, 2025, you should consider all the evidence and may consider, by way of example, whether and to what extent, if any, the evidence shows that Mr. Stinson:

1. Offered or promised payment or some other benefit to the person solicited if he would commit the offense;

2. Threatened harm or some other detriment to the person solicited if he would not commit the offense;

3. Repeatedly solicited the commission of the offense, held forth at length in soliciting the commission of the offense, or made express protestations of seriousness in soliciting the commission of the offense. A specific person-to-person solicitation is not required. However, you may consider the lack of a specific individual solicited;

4. Believed or was aware that the person solicited had previously committed similar offenses; and

5. Acquired weapons, tools, or information suited for use by the person solicited in the commission of the offense, or made other apparent preparations for the commission of the offense by the person solicited.

## <u>JURY INSTRUCTION NO. 24</u>

**Application of the First Amendment**

The First Amendment of the U.S. Constitution protects certain speech, even distasteful or highly offensive speech, from criminal liability.

Specifically, the First Amendment protects the mere or abstract advocacy of lawlessness or violence, that is, speech that merely, without more, encourages or advocates that others should engage in violence—even violence against political figures or the government—at some indefinite point in the future.

However, the First Amendment's protection of speech and political activity is not absolute and does not protect a person from criminal liability if their speech or political activity amounts to incitement, that is, speech directed and likely to produce imminent lawlessness by others.

If you find beyond a reasonable doubt that Mr. Stinson violated 18 USC § 373 with his post on February 18, 2025, then you must further decide whether on that occasion Mr. Stinson engaged, without more, in the mere or abstract advocacy of violence or lawlessness at some indefinite time in the future, in which case you must find Mr. Stinson not guilty, or whether on that occasion, he engaged in speech that was directed and likely to produce imminent lawlessness by others, in which case his speech is not protected by the First Amendment and he may be found guilty of violating Section 373.

## **JURY INSTRUCTION NO. 25**

**"On or About"–Explained**

The indictment charges that the offenses alleged in the indictment were committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offense was committed on or between dates reasonably near the dates alleged in the indictment, it is unnecessary for the government to prove that the offenses was committed precisely on the date charged.

## **JURY INSTRUCTION NO. 26**

**Prior Acts Evidence**

You have heard about posts the Defendant made between 2020 and 2021. The Indictment does not charge that the Defendant committed a crime when he made these posts. Rather, they were admitted into evidence solely for their probative value, if any, concerning the circumstances surrounding his post on February 18, 2025, and his intent in making that post.

## JURY INSTRUCTION NO. 27

**Effect of the Defendant's Decision Not to Testify**

A defendant in a criminal case has an absolute right under the Constitution not to testify.

The fact the defendant did not testify must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise his privilege under the Constitution and did not testify.

As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or of producing any evidence.

## <u>JURY INSTRUCTION NO. 28</u>

**Stipulations of Fact**

The Government and the Defendant have agreed that certain stipulated facts are true. You should therefore treat these facts as having been proved. You are not required to do so, however, since you are the sole judge of the facts.

## JURY INSTRUCTION NO. 29

**Venue**

The government has to prove venue only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part, if not all, of the offense took place in the Eastern District of Virginia.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. All other elements of the offense must be proved beyond a reasonable doubt.

## <u>JURY INSTRUCTION NO. 30</u>

**Verdict – Election of Foreperson – Duty to Deliberate – Unanimity – Punishment – Form Verdict – Communication with Court**

Upon retiring to your jury room to begin your deliberation, you must elect one of your members to act as your foreperson. The foreperson will preside over your deliberations and will be your spokesperson here in court.

Your verdict must represent the collective judgment of the jury. In order to return a verdict, it is necessary that each juror agree to it. Your verdict, in other words, must be unanimous.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so without violence to individual judgment. Each of you must decide the case for himself and herself, but do so only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous. Do not surrender your honest conviction, however, solely because of the opinion of your fellow jurors or for the mere purpose of thereby being able to return a unanimous verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts of this case. Your sole interest is to seek the truth from the evidence received during the trial.

Your verdict must be based solely upon the evidence received in the case. Nothing you have seen or read outside of court may be considered. Nothing that I have said or done during the course of this trial is intended in any way to somehow suggest to you what I think your verdict should be. Nothing said in these instructions and nothing in any form of verdict, is to suggest or convey to you in any way or manner any intimation as to what verdict I think you should return.

What the verdict shall be is the exclusive duty and responsibility of the jury. As I have told you many times, you are the sole judges of the facts.

The punishment provided by law for the offense[s] charged in the indictment is a matter exclusively within the province of the Court and should never be considered by the jury in any way in arriving at an impartial verdict as to the offense[s] charged.

A form of verdict has been prepared for your convenience.

You will take this form to the jury room and, when you have reached unanimous agreement as to your verdict[s], you will have your foreperson write your verdict on the form, date and sign the form, and then return with your verdict to the courtroom.

If it becomes necessary during your deliberations to communicate with the Court, you may send a note, signed by your foreperson or by one or more members of the jury, through the bailiff. No member of the jury should ever attempt to communicate with the Court by any means other than a signed writing and the Court will never communicate with any member of the jury concerning the evidence, your opinions, or the deliberations other than in writing or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury concerning the evidence, your opinions, or the deliberations.

Bear in mind also that you are never to reveal to any person—not even to the Court—how the jury stands, numerically or otherwise, on the question of whether or not the government has sustained its burden of proof until after you have reached a unanimous verdict.